FORD ET AL. V. BECKWITH, SECRETARY OF STATE ET AL.

ELECTIONS—NOMINATIONS—PROTESTS—REVIEW.

The supreme court will not exercise its discretion to review the action of the district court sustaining the ruling of the secretary of state upon a protest made to the placing of certain nominations on the official ballot when that discretion is invoked only nine days before election, as under the requirements of the law the secretary of state should not later than that date send to the county clerks the certificates of nominations.

*Upon Review from the District Court of Arapahoe County.*

Mr. R. D. THOMPSON, for petitioner.

Mr. H. N. HAWKINS, for respondent.

*Per Curiam.*—This is a contest arising under the Australian ballot act. Only nine days before the general election our discretion is invoked to review the proceedings below. Important questions are raised as to the meaning of several provisions of the act. The district court sustained the ruling of the secretary of state in which he held that the nominees against whom petitioners filed protests were entitled to have their names printed upon the official ballot.

The questions are important, and there is necessity for speedy action, if relief is afforded to all. We ought not to assume jurisdiction, and undertake to decide such difficult questions without ample time for examination. Under the requirements of the law pertaining to the duty of the secretary of state, he should send to the county clerks of the representative district concerned, the certificates of nominations not later than the day when this application was filed. It is needless to state that we cannot satisfactorily dispose of the cause so expeditiously.

We therefore must deny the petitioners' application to review the judgment, and the petition must be dismissed.

*Petition dismissed.*