[No. 7941.]

## CAMPBELL v. O'DAY.

This cause involved the right of plaintiff to be placed upon the ticket at an election to be held on the 5th day of November, A. D. 1912. The transcript was filed in this court on the 31st day of the preceding October. The rights of parties not before the court would clearly be affected by the judgment. The cause involved important and difficult questions, such as ought not to be determined except upon full consideration. But there was no time for such consideration. Therefore, there being no allegation of fraud, moral turpitude, or willful wrong-doing, the court declined to entertain it, following *Ford v. Beckwith*, 28 Colo. 95.

*Error to Boulder District Court.*—Hon. NEIL F. GRAHAM, Judge.

Mr. NORTON MONTGOMERY, Mr. F. G. FOLSOM and Mr. L. O. HAWKINS, for plaintiff in error.

Mr. M. M. RINN, Mr. HAROLD P. MARTIN and Mr. EDWIN VAN CISE, for defendant in error.

*Per Curiam.*

The case is here on error to review a judgment of the district court for Boulder county, dismissing the action, and declining to issue an order restraining the defendant from certifying the name of one Sanford D. Buster, as a candidate of the Progressive party for sheriff of that county, and also refusing a mandate requiring such clerk to certify, instead, the name of one James A. S. Andrus as such candidate. Summary relief of like character is sought from this court.

The cause is presented here on the fifth day before election. The only parties before the court are the chairman of the Democratic county central committee of that county, as plaintiff, and the officer, to-wit, the county clerk, charged with the duty of accepting and filing nominations or of refusing them, and the preparation of the official ballot, as defendant. Individuals who clearly may be affected by any judgment entered are not parties to the suit and are not before the court. A number of important questions, of considerable difficulty, are necessarily involved, which should not be determined except upon full consideration. There is no time for such consideration, and since the case presents no question of fraud, moral turpitude or wrongdoing, the court is persuaded, in the exercise of its discretion, that it should decline jurisdiction, and the case is accordingly dismissed. Authority for this action is found in *Ford v. Beckwith*, 28 Colo. 95.

Decision *en banc.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUSSER not participating.